UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HOLLY BAKER,

                Plaintiff,                                     **ORDER**

    -against-                                                21 Civ. 10629 (JCM)

WAL-MART STORES EAST, LP,

                Defendant.
---------------------------------------------------------------X

       Plaintiff Holly Baker ("Plaintiff") filed a motion, *pro se*,[1] on October 2, 2023, for an extension of time to file a Notice of Appeal of the Court's August 1, 2023 Opinion and Order granting summary judgment for Defendant Wal-Mart Stores East, LP ("Defendant"). (Docket No. 30) (hereinafter, the "Motion"). Plaintiff also filed a Notice of Appeal on October 2, 2023, (Docket No. 31), and separately moved to proceed *in forma pauperis* during the pendency of the appeal, (Docket No. 32). Defendant filed its opposition to the Motion on October 4, 2023. (Docket No. 33).

**I.    ANALYSIS**

       An appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." *Gunn v. Annucci*, No. 20-CV-02004 (PMH), 2022 WL 1544698, at *1 (S.D.N.Y. Mar. 31, 2022) (citing Fed. R. App. P. 4(a)(1)(4)). Pursuant to Fed. R. App. P. 4(a)(5)(A), the Court may grant an extension of time to file a Notice of Appeal if: (a) the extension is sought *within* 30 days of the entry of the order appealed from; and (b) the moving party shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Here, the deadline

---

[1] Throughout this lawsuit, Plaintiff has been represented by counsel. *See generally* ECF Docket (showing two attorneys appearing for Plaintiff and neither withdrawing from the case). However, the instant Motion was submitted personally by Plaintiff.

for Plaintiff to seek an extension to file a Notice of Appeal of the Court's August 1, 2023 Opinion and Order was August 31, 2023. Fed. R. App. P. 4(a)(1)(A); *see also Gunn*, 2022 WL 1544698, at *1[2] ("[t]he authority granted to the Court under Rule 4(a)(5)(A) does not, by its terms, contemplate applications . . . made *more* than thirty days after the time to file a notice of appeal has expired") (emphasis in original) (collecting cases). Plaintiff failed to file her Notice of Appeal or seek an extension within the required time frame.

Moreover, while the Motion is dated August 30, 2023, the envelope it was mailed in is postmarked September 26, 2023, and the Court did not receive it until October 2, 2023.[3] Furthermore, other than a conclusory statement that additional time is needed because she will be having an operation "related to this case" at some point in the future, (Docket No. 30 at 1), Plaintiff makes no attempt to explain: (i) the discrepancy in the dates on the documents she sent; (ii) why she did not timely file the Notice of Appeal; or (iii) why she did not timely seek an extension of time to file the Notice of Appeal. Thus, Plaintiff's submissions fail to show "excusable neglect or good cause" for the delay.

## II. CONCLUSION

Accordingly, and upon careful consideration, the Court denies Plaintiff's motion for an extension of time to file her Notice of Appeal of the Court's August 1, 2023 Opinion and Order as untimely. Further, because the deadline for filing a Notice of Appeal has passed and no extension will be granted, Plaintiff's motion to proceed *in forma pauperis* is also denied as moot. *See Gunn*, 2022 WL 1544698, at *2.

---

[2] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then she may request copies from Defendant's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.")

[3] The Notice of Appeal submitted with the Motion is dated September 13, 2023, but was included in the same envelope as the Motion, which was postmarked September 26, 2023.

- 3 -

The Court certifies that pursuant to 28 U.S.C. 1915(a)(3) any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of appealing this Order. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate the pending motions (Docket Nos. 30 and 32), and mail a copy of this Order to the Plaintiff at 2019 First Loop Road, Fork, South Carolina 29543.

Dated:   October 11, 2023
         White Plains, New York

**SO ORDERED:**

*Judith C. McCarthy*
JUDITH C. McCARTHY
United States Magistrate Judge